**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1412
_____

DAVID HATCHIGIAN,

Appellant

v.

STATE FARM INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-02880)
District Judge:  Honorable Ronald L. Buckwalter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2014

Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: July 17, 2014)

_____

OPINION
_____

PER CURIAM

David Hatchigian appeals from the District Court's entry of summary judgment in

favor of State Farm Insurance Company ("State Farm").  We will affirm.

I.

The background of this case is set forth in more detail in the District Court's opinion. In 2007, Hatchigian filed suit against State Farm alleging that it wrongfully failed to pay certain benefits under his automobile insurance policy. (Hatchigian v. State Farm Ins. Co., E.D. Pa. Civ. No. 2-07-cv-03217.) In 2009, with Hatchigian represented by counsel of record Raymond Quaglia, the parties settled the dispute for $30,000. State Farm then delivered to Quaglia a check in the amount of $30,000 made payable to "David Hatchigian & Raymond J. Quaglia, His/Her Attorney."

Quaglia deposited the check into his account and sent Hatchigian a check for $16,500 along with a letter explaining that Quaglia retained the remaining $13,500 as payment of his fee and certain costs. Hatchigian disputed Quaglia's right to retain the $13,500 and represented to State Farm that his signature on the check had been forged. That representation led State Farm to obtain a deduction of $30,000 from Quaglia's bank account. After Quaglia demonstrated that he had paid Hatchigian $16,500 of the $30,000, State Farm sent two more checks to Quaglia—one for $16,500 to reimburse him for the check he sent to Hatchigian, and one for $13,500 for the remaining balance. Like its initial check, State Farm made its check for $13,500 payable to "David Hatchigian & Raymond J. Quaglia, His/Her Attorney." Hatchigian and Quaglia later became involved in litigation over the $13,500 (among other things), and that litigation remains pending in state court.

In the action at issue here, Hatchigian filed suit against State Farm in state court claiming that State Farm should have sent the settlement checks directly to him and

asserting claims for, inter alia, breach of contract, negligence, and bad faith.[1]  State Farm

removed the action to federal court on the basis of diversity jurisdiction and, after

discovery, moved for summary judgment.  The District Court granted the motion after

concluding that, as a matter of law, State Farm complied with the unambiguous terms of

Hatchigian's insurance policy and Hatchigian's claims for negligence and bad faith are

barred by the statute of limitations.  Hatchigian appeals.[2]

## II.

Hatchigian challenges the District Court's entry of judgment on his claims for

breach of contract, negligence, and bad faith.  His challenges lack merit.  Hatchigian

claims that State Farm breached the terms of his insurance policy by sending the

settlement checks to Quaglia instead of him.  The District Court, noting that Hatchigian

had not alleged which contractual provision State Farm allegedly breached, identified as

the relevant provision the "Settlement of Loss" section of the policy.  That section

provides in relevant part that State Farm would "pay any amount due . . . to the insured or

any person or organization providing services [or] . . . at our option to a person

---

[1] Hatchigian also asserted claims for unjust enrichment, breach of the implied covenant of good faith and fair dealing, and a declaratory judgment.  Hatchigian has waived any challenge to the District Court's resolution of these claims by not raising them in his opening brief, and we thus will not address them further.  See B.S. v. Somerset Cnty., 704 F.3d 250, 267 n.28 (3d Cir. 2013).

[2] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the entry of summary judgment, and we view the facts in the light most favorable to Hatchigian in determining whether there is "'no genuine dispute as to any material fact'" and whether State Farm is "'entitled to judgment as a matter of law.'"  B.S., 704 F.3d at 260 (quoting Fed. R. Civ. P. 56(a)).

authorized by law to receive such payment." (ECF No. 13-5 at 12.) The District Court concluded that these provisions unambiguously authorized State Farm to send the checks to Quaglia because Quaglia, as Hatchigian's counsel of record, both provided services to Hatchigian and was "authorized by law" to receive payment on his behalf.

Hatchigian no longer contends that these provisions prohibited State Farm from sending payment to his legal representative, but he raises three other challenges to the District Court's ruling. First, he argues that Quaglia was not actually his legal representative because he never consented to Quaglia's representation. By way of background, Hatchigian was initially represented in his 2007 suit by Frank Marcone. Following Marcone's suspension from the practice of law for two years, Marcone withdrew his appearance for Hatchigian and Quaglia entered his. (E.D. Pa. Civ. No. 2-07-03217 ECF Nos. 23 & 25.) Quaglia later appeared with Hatchigian at the settlement conference and negotiated the settlement agreement, which both Hatchigian and Quaglia signed. Despite these uncontested facts, Hatchigian now asserts that Quaglia was not his authorized counsel because Marcone transferred his file to Quaglia, and Quaglia began representing him, without his knowledge or consent. As State Farm argues, however, Hatchigian did not raise this argument in the District Court and instead has raised it for the first time on appeal. We thus deem the argument waived. See B.S. v. Somerset Cnty., 704 F.3d 250, 267 n.28 (3d Cir. 2013).[3]

---

[3] Hatchigian argued below only that he had not authorized Quaglia to sign his name to the checks or "supervise" the settlement proceeds, not that Quaglia was not his authorized legal representative. (ECF No. 16 at 4-5.) Hatchigian does not contest that he failed to raise his present argument below, but he argues that State Farm waived its waiver

Second, Hatchigian argues that the District Court erred in failing to construe ambiguities in the policy in his favor. Hatchigian does not identify any such ambiguities, however, and we perceive none.

Third, Hatchigian suggests that the District Court erred in failing to address whether State Farm breached, not only his insurance policy, but the parties' settlement agreement as well. Once again, however, his assertion that State Farm breached the settlement agreement comes for the first time on appeal. As State Farm argues, Hatchigian's complaint was premised entirely on State Farm's alleged breach of the policy. (ECF No. 1 at 16-17, 20-21.) Hatchigian argues that his complaint should be liberally construed to include a claim for breach of the settlement agreement because Paragraph 23, which asserts that "State Farm has breached <u>the terms of its Policy</u> by refusing to perform its duty to reimburse Plaintiff pursuant to <u>the terms of the policy</u>," cites the settlement agreement as one of six supporting exhibits. (ECF No. 1 at 20) (emphasis added). Accepting Hatchigian's argument would strain the bounds of even liberal construction. Hatchigian also did not mention a claim based on the settlement agreement in his opposition to summary judgment, and he has failed to develop any meaningful argument in that regard on appeal because he has not specified which

---

argument by not supporting it with citations to the record as required by Rule 28(b) of the Federal Rules of Appellate Procedure. State Farm correctly argues that Hatchigian failed to raise this argument <u>anywhere</u> of record, however, so it need not have specifically cited every document that Hatchigian filed.

provision of the settlement agreement State Farm allegedly breached.[4]

Hatchigian also raises two arguments addressed to the District Court's ruling that his claims for negligence and bad faith are barred by the statute of limitations. State Farm sent its second round of checks to Quaglia and copied Hatchigian on its enclosure letter on March 29, 2010, and the District Court properly concluded that Hatchigian was aware of his alleged injury at that time. Hatchigian did not file suit until over three years later on April 18, 2013. Thus, the District Court concluded that these claims are barred by Pennsylvania's two-year statutes of limitations for negligence and bad faith. See 42 Pa. Cons. Stat. § 5524; Gardner v. State Farm Fire & Cas. Co., 588 F.3d 553, 561 (3d Cir. 2008). The District Court further concluded that, even if a three-year Delaware statute of limitations applies as Hatchigian argued, Hatchigian filed suit outside that period as well.

Hatchigian concedes that he filed these claims outside the statute of limitations, but he argues that the District Court should have equitably tolled it under the doctrine of fraudulent concealment. See Connors v. Beth Energy Mines, Inc., 920 F.2d 205, 211 (3d Cir. 1990) (summarizing Pennsylvania's fraudulent concealment doctrine).[5] Under that doctrine, Hatchigian bore the burden of proving by "clear, precise and convincing" evidence that, inter alia, "defendant['s] actions . . . amounted to an affirmative

---

[4] We nevertheless note that the settlement agreement contains no provision requiring State Farm to make payment to any particular person. (ECF No. 13-1 at 23-24.)

[5] Hatchigian did not raise his specific arguments in this regard before the District Court, but we will liberally construe his opposition to summary judgment as sufficient to preserve this issue for appeal. (ECF No. 16 at 17.)

inducement to plaintiff to delay bringing the action." Id. (quotation marks omitted).

Hatchigian argues that State Farm "lulled him into inaction" by advising him that the statute of limitations was tolled during the parties' ongoing negotiations and by representing that it would remedy the alleged injury.

These assertions are flatly contradicted by the record. Hatchigian relies on a letter from his then-counsel to State Farm complaining of the payment to Quaglia (ECF No. 16-2 at 12-13), and State Farm's response dated August 19, 2010 (ECF No. 19-1 at 68-69).[6] State Farm's letter said nothing about the statute of limitations or further negotiations and instead unambiguously informed Hatchigian of State Farm's position that "State Farm has satisfied all obligations under and pursuant to the settlement with Mr. Hatchigian, and will make no further payment to him on account of same." (ECF No. 19-1 at 69.) The letter also unambiguously stated that "[y]our suggestion that State Farm acted other than in an appropriate manner with regard to disbursement of the settlement funds is incorrect." (Id.) Moreover, Hatchigian was represented by counsel at the time. Thus, no reasonable jury could conclude from this letter, or any other evidence of record, that State Farm affirmatively induced Hatchigian to refrain from bringing suit within the limitations period. See, e.g., Miller v. Keystone Ins. Co., 636 A.2d 1109, 1114 (Pa. 1994) (declining to apply fraudulent concealment doctrine where there was "no evidence from which it could reasonably be interpreted that Keystone's words or conduct

---

[6] It appears that Hatchigian first submitted State Farm's August 19 letter as an exhibit to his notice of appeal. State Farm does not argue that this letter is not part of the summary judgment record and instead addresses its merits, however, so we will do the same in this instance.

lulled the Appellee into a false sense of security" and where "[w]e are not confronted here with an insurer's actions which fostered an insured's erroneous belief that a claim has been or will be processed").

Finally, Hatchigian argues that the District Court's statute of limitations analysis overlooked his purported claim that State Farm breached the settlement agreement. Hatchigian did not raise such a claim in the District Court as discussed above. He also does not explain how he believes it would have affected the statute of limitations analysis as to his claims for negligence and bad faith, and we perceive no way in which it might have done so.

For these reasons, we will affirm the judgment of the District Court. Hatchigian's request for oral argument is denied.